UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MONIQUE RICHARDSON**           **CASE NO. 2:20-CV-01099**

**VERSUS**                       **JUDGE JAMES D. CAIN, JR.**

**STATE FARM AUTOMOBILE**        **MAGISTRATE JUDGE KAY**
**INSURANCE CO**

**MEMORANDUM RULING**

Before the court is a Motion for Partial Summary Judgment [doc. 22] on the issue of fault filed by plaintiffs Monique and Craig Richardson. Defendant State Farm Automobile Insurance Company ("State Farm") opposes the motion. Doc. 25.

**I.**
**BACKGROUND**

This suit arises from a car accident that occurred on or about August 16, 2018, in Calcasieu Parish, Louisiana. Doc. 1. Plaintiff Monique Richardson was traveling across Black Bayou Bridge and stopped her vehicle because the car in front of her had stopped so that the driver could talk to the bridge operator. Doc. 22, att. 2, p. 3. While she was waiting, she was rear-ended by Josie Crochet. *Id.*; doc. 22, att. 3, pp. 2–3. Crochet testified that she had been driving about 25 to 30 miles per hour at that time and that she simply hadn't noticed the truck stopped ahead of her. *Id*.

Mrs. Richardson alleges that she suffered injuries as a result of the accident. She and her husband settled their claims against Ms. Crochet for the limits of her policy but

maintain that it did not cover their losses. Doc. 1, att. 2. Accordingly, they seek uninsured/underinsured motorist coverage under their policy with State Farm. The Richardsons filed suit to this effect in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 2. State Farm removed the case to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The matter is currently set for jury trial on July 18, 2022.

Plaintiffs now move for partial summary judgment, seeking a ruling that Ms. Crochet was 100 percent at fault for the subject accident. Doc. 22. State Farm opposes the motion, arguing that issues of fact remain as to what fault can be attributed to the motorist who stopped ahead of Mrs. Richardson on the bridge. Doc. 25.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v.*

*Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana courts determine liability for negligence based on a duty-risk analysis. *Long v. State ex rel. Dept. of Transp. and Dev.*, 916 So.2d 87, 101 (La. 2005). Through this test the plaintiff must show all of the following:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

3

*Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (citing *Lemann v. Essen Lane Daiquiris,* 923 So.2d 627, 633 (La. 2006)). Under Louisiana's comparative fault statute, the court must determine "the degree or percentage of fault of all persons causing or contributing to the injury . . . regardless of whether the person is a party to the action or a nonparty," and regardless of ability to pay, statutory immunity, or whether that person's identity is reasonably ascertainable. La. Civ. Code art. 2323.

In a rear end collision, the following driver is generally presumed to be at fault. *Byrd v. Norman*, 2017 WL 5986470, at *5 (M.D. La. Nov. 14, 2017). This presumption, however, is rebuttable and does not preclude apportionment of fault where some other negligence can be shown. *Matherne v. Lorraine*, 888 So.2d 244, 246 (La. Ct. App. 1st Cir. 2004). Louisiana courts have frequently found drivers at fault to some degree for a stalled or stopped vehicle. *Kitchens v. Dyson*, 2020 WL 360515, at *3 (E.D. La. Jan. 21, 2020) (collecting cases); *see, e.g.*, *Bertrand v. Henry*, 815 So.2d 868, 871–74 (La. Ct. App. 3d Cir. 2001) (in a pileup, foremost driver was 25% at fault for stopping in travel lane and rearmost vehicle 75% at fault for not braking more aggressively). These determinations are fact-intensive, requiring more than the few pages of deposition testimony provided here. Accordingly, the court lacks sufficient information to find that Ms. Crochet's negligence was the sole cause of this accident.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 22] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 7th day of February, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**